PLYMOUTH FERTILIZER COMPANY v. PITT-GREENE PRODUCTION CREDIT ASSOCIATION; M. E. CAVENDISH, Trustee; FRED T. MATTOX, Trustee; MOORE-KING-SULLIVAN, INC.; WARREN LASSITER T/A CHASE INVESTMENT COMPANY; GRIFTON FERTILIZER AND SUPPLY COMPANY, INC.; RUSSELL HOUSTON, III, TRUSTEE; TRAWICK H. STUBBS, JR., Trustee; JIMMY R. WHITFORD; RONALD LASSITER AND WIFE, DELLA LASSITER; ANNIE V. LASSITER AND ESTHER H. VENTERS

No. 813SC1004

(Filed 6 July 1982)

**Mortgages and Deeds of Trust §§ 11.1, 14— priority of liens—assignment of first lien to third creditor**

Where the owner of property encumbered by a senior deed of trust and a junior judgment lien borrowed funds from a third creditor to pay off the first deed of trust, he could not defeat the priority of the judgment lien over a deed

of trust executed to the third creditor by assignment of the first deed of trust to the third creditor, since the original debt was discharged and the lien of the first deed of trust was extinguished.

APPEAL by respondents from *Reid, Judge.* Judgment entered 22 May 1981 in Superior Court, PITT County. Heard in the Court of Appeals 4 May 1982.

This case concerns the validity of an attempted assignment of a deed of trust secured by a lien on real property. Petitioner, the holder of a lien against the same property, sought a determination by the court that the purported assignment of a senior lien had been invalid and that petitioner's lien was therefore entitled to priority.

The essential facts of the case can be stated rather succinctly:

Petitioner is the holder of a judgment lien against Ronald Lassiter which was duly recorded in the office of the Clerk of Superior Court, Pitt County. This lien precedes in time the lien of Pitt-Greene Production Credit Association's deed of trust. However, another deed of trust was executed prior to either of the above, conveying a security interest in the Lassiters' property to Planters National Bank.

The deed of trust executed in favor of Pitt-Greene represents security for a loan in which part of the proceeds were paid directly by Pitt-Greene to Planters National Bank to satisfy the Lassiters' outstanding debt of $15,947.63 under the bank's deed of trust. Payment to Planters was in the form of two checks made payable jointly to the bank, to Ronald Lassiter and to Ronald Lassiter, Jr. The Lassiters endorsed the checks which were then delivered by Pitt-Greene to the bank. In exchange, the bank purported to assign its lien to Pitt-Greene by recording assignment of the note and deed of trust.

The Lassiters were discharged in bankruptcy, and the property securing the parties' liens was sold for less than the indebtedness secured thereby. Petitioners brought this action seeking adjudication of the priority to which each lien is entitled.

The trial court held that evidence contained in the pleadings and affidavits of the parties entitled petitioner's lien to priority

over that of respondents as a matter of law and granted summary judgment. Respondents appeal.

*Everett and Cheatham, by Edward J. Harper, II, for petitioner appellee.*

*James, Hite, Cavendish & Blount, by E. Cordell Avery, for respondent appellants.*

ARNOLD, Judge.

Since the parties are in substantial agreement regarding the facts of the case, the only question for our consideration is whether the trial court correctly concluded from those facts that petitioner was entitled to summary judgment as a matter of law.

Appellants rely heavily on the opinion of our Supreme Court in *Waff Brothers v. Bank of North Carolina*, 289 N.C. 198, 221 S.E. 2d 273 (1976), a case similar in some respects to that before us. The *Waff Brothers* holding gave effect to the intent of the parties to the transfer of indebtedness. If *Waff Brothers* were controlling, therefore, the petitioner here would prevail since assumption of the bank's lien by Pitt-Greene clearly was intended by the Lassiters, the bank and Pitt-Greene. However, we find that the case at bar is distinguishable from *Waff Brothers* in one critical respect. In *Waff Brothers*, the owner of the encumbered property was not personally liable for the payment of the deed of trust. He paid it as a stranger to the indebtedness and was therefore entitled to preservation of the lien in his favor. Where, as here, a property owner is personally liable to creditor #1 and borrows funds from creditor #3 to pay off #1, he cannot defeat the priority of creditor #2, who is senior to #3, by substituting #3 for #1. Regardless of whether the landowner personally handed the borrowed money to #1 in payment of his obligation, the net result is the same: The original debt is discharged and creditor #1's lien is extinguished.

We hold that the trial court correctly granted summary judgment in favor of petitioner, Plymouth Fertilizer Company.

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.